**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
*blukitsch@bakerlaw.com*
Kamran B. Ahmadian (SBN 314566)
*kahmadian@bakerlaw.com*
Jaein Cho (SBN 360090)
*jcho@bakerlaw.com*
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: 310.820.8800
Facsimile: 310.820.8859

**BAKER & HOSTETLER LLP**
Victoria L. Weatherford (SBN 267499)
vweatherford@bakerlaw.com
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2600
Facsimile: 415.659.2601

*Attorneys for Defendant*
UNIVERSAL MUSIC GROUP, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VISHAL SHAH and CHRISTINE WILEY, individually, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL MUSIC GROUP, INC.<br><br>Defendant. | CASE No.: 5:25-cv-03095-PCP<br><br>[*Assigned to Hon. Casey Pitts*]<br><br>**DEFENDANT UNIVERSAL MUSIC GROUP, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>*[Concurrently Filed with Notice of Motion and Motion to Dismiss]*<br><br>**Date**: April 23, 2026<br>**Time**: 10:00 a.m.<br>**Dept.**: Courtroom 8, 4th Floor<br><br>**Action Filed:** April 4, 2025<br>**FAC Filed:** January 14, 2026 |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201 and in connection with the concurrently filed Motion to Dismiss, Defendant Universal Music Group, Inc.[1] ("UMG") by and through its undersigned counsel, will, and hereby does, respectfully request that the Court take judicial notice of the following materials in connection with UMG's Motion to Dismiss the First Amended Class Action Complaint ("FAC") filed by Plaintiffs Vishal Shah and Christine Wiley (collectively, "Plaintiffs"):

1. Attached as **Exhibit A** hereto is a true and correct copy of UMG's Privacy Policy, effective January 1, 2023. *See also* Dkt. No. 21-2, Declaration of Sheryl Gold. This version (accessible from the Wayback Machine on May 28, 2025) was available on UMG's website at https://privacy.umusic.com/ where the current version also may be accessed. UMG is unaware of any factual dispute as to the authenticity of this document, which is publicly available, and is incorporated by reference in Plaintiffs' Complaint. *See* FAC ¶¶ 25-26 n.2; Fed. R. Evid. 201(b).

## I. ARGUMENT

Federal Rule of Evidence 201(b) provides that a judicially noticed fact must be one "not subject to reasonable dispute" because it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be readily questioned. Fed. R. Evid. 201(b). Courts have shown a willingness to take judicial notice of privacy policies. "[W]ebsites and their contents may be proper subjects for judicial notice" provided that the party submits a copy of the relevant webpage to the court." *Lakes v. Ubisoft, Inc.*, 2025 WL 1036639, at *3 (N.D. Cal. Apr. 2, 2025) (Thompson, J.) (granting judicial notice of documents and screenshots publicly available on Defendant's website including Defendant's "Privacy Policy,[] Cookies Settings, []Website Cookies Banner and related screens, as well as screens showing the account creation and purchase process"); *see also D'Angelo v. FCA US, LLC*, 726 F.Supp.3d 1179, 1190 (S.D. Cal. 2024) (in class action by website users against website operator alleging violation of the California Invasion of Privacy Act, court

[1] As stated in its Motion to Dismiss, Universal Music Group, Inc. is not the proper party to this lawsuit. The proper UMG entity is Universal Music Investments, Inc.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

took judicial notice of two versions of website's privacy policy, screenshots of website's homepage and initial cookie disclosure, and screenshots of website's chat feature icon and chat feature initial prompt, holding that existence of privacy policies and webpages were judicially noticeable facts since they appeared on publicly available websites and their authenticity could not be reasonably questioned). Therefore, judicial notice **Exhibit A** is proper because it is a privacy policy that is publicly available and whose authenticity is not subject to reasonable dispute. Fed. R. Evid. 201(b)(2).

In ruling on a Motion to Dismiss, a court may consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *Evans v. McCoy-Harris*, 2019 WL 1002512, at *1 (C.D. Cal. Jan. 4, 2019) (citing *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014), cert. denied sub nom. *Cohen v. Nvidia Corp.*, 135 S. Ct. 2349 (2015). The Court may "consider documents that are incorporated by reference but not physically attached to the complaint if they are central to plaintiffs' claim and no party questions their authenticity." *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 882 (C.D. Cal. 2013) (citing *Marder v. Lipez*, 450 F.3d 445, 448 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (taking judicial notice of documents incorporated by reference in plaintiff's operative complaint when authenticity not questioned).

## II. CONCLUSION

For the foregoing reasons, UMG respectfully requests that the Court take judicial notice of **Exhibits A** attached to this request for judicial notice.

Dated: February 13, 2026

Respectfully submitted,
**BAKER & HOSTETLER LLP**

By: */s/ Kamran B. Ahmadian*
Bethany G. Lukitsch
Victoria L. Weatherford
Kamran B. Ahmadian
Jaein Cho

*Attorneys for Defendant*
UNIVERSAL MUSIC GROUP, INC.