**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
*blukitsch@bakerlaw.com*
Kamran B. Ahmadian (SBN 314566)
*kahmadian@bakerlaw.com*
Jaein Cho (SBN 360090)
*jcho@bakerlaw.com*
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: 310.820.8800
Facsimile 310.820.8859

**BAKER & HOSTETLER LLP**
Victoria L. Weatherford (SBN 267499)
*vweatherford@bakerlaw.com*
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2600
Facsimile: 415.659.2601

*Attorneys for Defendant*
UNIVERSAL MUSIC INVESTMENTS, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

VISHAL SHAH and CHRISTINE WILEY, individually, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

UNIVERSAL MUSIC INVESTMENTS, INC.,

Defendant.

CASE NO.: 5:25-cv-03095-PCP

[*Assigned to Hon. P. Casey Pitts*]

**DEFENDANT UNIVERSAL MUSIC INVESTMENTS, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED BY PLAINTIFFS**

**FAC Filed:** January 14, 2026

Defendant Universal Music Investments, Inc. ("UMI"), by and through counsel, and in accordance with Federal Rule of Civil Procedure 8(b)-(c), hereby submits the following Answer and Affirmative Defenses to Plaintiffs Vishal Shah and Christine Wiley's ("Plaintiffs") First Amended Class Action Complaint ("FAC"). As a general matter, pursuant to Fed. R. Civ. P. 8(b)(3), UMI denies each and every allegation in the FAC except as expressly admitted or qualified below.

**INTRODUCTION**[1]

1. UMI admits that Plaintiffs purport to bring this lawsuit as a putative class action. UMI further admits that at certain points in time, the Websites displayed a pop-up cookie consent banner, and that such cookie banners have changed over time. In response to Footnote 1, UMI admits that it currently operates the Websites identified therein, except: (1) www.neyothegentleman.com; (2) shop.neothegentleman.com; (3) shop.thekillersmusic.com; (4) mumfordandsons.com; (5) snowpatrol.com; and (6) thecure.com ("Excluded Websites"). Any reference by UMI in this Answer to the "Websites" does not include the Excluded Websites. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 1.

2. UMI admits that the Websites are like most websites in that they may include third-party resources or programming scripts developed by third parties that can, depending on the settings and configurations, place cookies on visitors' browsers. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 2.

3. UMI denies each and every allegation in Paragraph 3.

4. Paragraph 4 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. To the extent a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

5. Paragraph 5 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. To the extent a response is deemed required, UMI

[1] For organizational purposes only, UMI reproduces the unnumbered headings used throughout the FAC, which do not require a response. To the extent any such headings contain factual or legal allegations, however, UMI denies those allegations.

lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

6. To the extent Paragraph 6 relates to what visitors to the Website "sought to avoid," UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI denies the remaining allegations in Paragraph 6.

**THE PARTIES**

7. UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the FAC, and on that basis denies them.

8. UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the FAC, and on that basis denies them.

9. Admitted. UMI further admits that UMI is a California Corporation with its principal place of business in Santa Monica, California.

**JURISDICTION AND VENUE**

10. The allegations of Paragraph 10 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI admits that Plaintiffs have invoked jurisdiction under the Class Action Fairness Act. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 10.

11. The allegations of Paragraph 11 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies the allegations in Paragraph 11.

12. The allegations of Paragraph 12 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI does not dispute venue is proper in this district with respect to Plaintiff Shah's claims. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 12.

13. The allegations of Paragraph 13 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies the allegations in Paragraph 13.

\\

## SUBSTANTIVE ALLEGATIONS

### A. Defendant Programmed the Websites to Include Third-Party Resources that Utilize Cookie-Based Tracking Technologies.

14. To the extent Paragraph 14 contains allegations regarding how "[e]very website" operates, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI admits that its Websites generally communicate with users' browsers through HTTP requests and responses; that "GET" and "POST" are types of HTTP requests; that a browser may send a GET request to request a webpage or other resource; that a server may process an HTTP request and return an HTTP response; and that an HTTP request generally provides the originating IP address needed to return a response. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 14.

15. Because Paragraph 15 contains allegations that do not relate to or concern UMI or its conduct, no response is required. To the extent a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI denies the remaining allegations in Paragraph 15.

16. UMI denies each and every allegation in Paragraph 16.

17. UMI admits that the Websites may have included code that deployed certain tools and resources created and provided by third parties. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 17.

18. UMI admits that, at certain times, the Websites utilized both first-party and third-party cookies. UMI further denies that Paragraph 18 accurately or completely describes the nature, function, or operation of cookies. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 18.

19. Because Paragraph 19 contains allegations that do not relate to or concern UMI or its conduct, no response is required. To the extent a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI denies the remaining allegations in Paragraph 19.

20. Because Paragraph 20 contains allegations that do not relate to or concern UMI or its conduct, no response is required. To the extent a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI denies the remaining allegations in Paragraph 20.

21. UMI admits that certain third-party cookies may have the ability to, under certain circumstances, collect some of the information referenced in Paragraph 21. However, whether any particular information is collected in a given instance depends on numerous factors, including, without limitation, the Website's configuration at the time of the visit, the technologies then in use, the visitor's browser and browser settings, and the visitor's browsing activity. UMI further states that whether the stated data constitutes "Private Communications" is an individualized legal contention and/or conclusion that does not require admission or denial by UMI. To the extent a response is deemed required, UMI denies the allegations. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 21.

22. UMI admits that third-party cookies can be used for a variety of purposes, including analyzing visitor behavior and enhancing website performance. To the extent Paragraph 22 contains allegations that do not relate to or concern UMI or its conduct, no response is required. To the extent a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 22.

23. UMI admits that it is a member of the Universal Music Group, a group of affiliates that make up the world's leading music-based entertainment company. UMI further admits that, excluding the Excluded Websites, it owns and operates the Websites listed in Footnote 1. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 23.

24. UMI admits that its Websites utilize both first-party and third-party cookies. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 24.

25. UMI admits that its Websites included a Privacy Policy that described each Website's data practices, including the collection, use, and sharing of data, along with the choices and rights visitors have to control those data practices. The language from the Privacy Policy

referenced in Paragraph 25 speaks for itself, and no further response is required. To the extent Paragraph 25 accurately quotes language appearing in a Privacy Policy in effect during the relevant period, UMI admits the accuracy of the quoted language but denies any characterization, interpretation, or implication that is inconsistent with the Policy's full text and context. In response to Footnote 2, UMI admits that the Privacy Policy located at https://privacy.umusic.com has been updated from time to time, including since January 1, 2023. UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations that depend on when, if at all, Plaintiffs visited any Website or which version of the Privacy Policy was presented in connection with any such visit, and on that basis denies those allegations. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 25.

26. UMI admits that, at certain times, the Websites displayed a cookie preference window. The content and appearance of the cookie preference window varied over time and speaks for itself; therefore, no further response is required. To the extent Paragraph 26 accurately quotes language appearing in a cookie preference window during the relevant period, UMI admits the accuracy of the quoted language but denies any characterization, interpretation, or implication that is inconsistent with the full text and context of the cookie preference window. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 26.

**B. <u>Defendant Falsely Informed Users That They Could Reject the Websites' Use of Cookies.</u>**

27. UMI admits that, at certain times, the Websites displayed a pop-up cookie consent banner to visitors. The content and appearance of the pop-up cookie consent banner window varied over time and speaks for itself; therefore, no further response is required. To the extent the screenshot in Paragraph 27 accurately depicts a pop-up cookie consent banner from one of the Websites during the relevant period, UMI admits the accuracy of the language in the image but denies any characterization, interpretation, or implication that is inconsistent with the full text and context of the pop-up cookie consent banner and the Website. UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations that depend on when, if at all, Plaintiffs visited any Website or which pop-up cookie consent banner was presented in connection with any

such visit, and on that basis denies those allegations. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 27.

28. UMI admits that, at certain times, the Websites displayed a pop-up cookie consent banner to website visitors that included a "Cookie Choices" link that would take a visitor to a cookie preference window. The content and appearance of the cookie preference window varied over time and speaks for itself; therefore, no further response is required. To the extent the screenshots in Paragraph 28 accurately depict the cookie preference window from one of the Websites during the relevant period, UMI admits the accuracy of the language in the image but denies any characterization, interpretation, or implication that is inconsistent with the full text and context of the cookie preference window and the Websites. UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations that depend on when, if at all, Plaintiffs visited any Website or which cookie preference window Plaintiffs saw, if at all, in connection with any such visit, and on that basis denies those allegations. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 28.

29. UMI admits only that the cookie preference window used on the Websites varied over time and speaks for itself; therefore, no further response is required. To the extent the language in Paragraph 29 accurately quotes from the cookie preference window from one of the Websites during the relevant period, UMI admits the accuracy of the language in the image but denies any characterization, interpretation, or implication that is inconsistent with the full text and context of the cookie preference window and the Website. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 29.

30. The allegations of Paragraph 30 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations that depend on when, if at all, Plaintiffs visited any Website or what Plaintiffs or other Website users may have believed, and on that basis denies those allegations. UMI denies the remaining allegations in Paragraph 30.

31. UMI denies each and every allegation in Paragraph 31.

32. UMI denies each and every allegation in Paragraph 32.

33. UMI admits only that publicly available tools exist that may be used to observe certain incoming and outgoing network communications associated with a website. UMI further lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 33, including what they allegedly depict or purport to demonstrate, and therefore denies those allegations. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 33.

34. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 33, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 34 regarding the same.

35. UMI denies each and every allegation in Paragraph 35.

36. UMI denies each and every allegation in Paragraph 36.

37. UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations about what might be collected from any particular user when they interact with one of the Websites, which depends on numerous factors, including, without limitation, the Website's configuration at the time of the visit, the technologies then in use, the visitor's browser and browser settings, and the visitor's browsing activity, and on that basis, denies the allegations. To the extent Paragraph 37 contains allegations that do not relate to or concern UMI or its conduct, no response is required. To the extent a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 37.

38. The allegations of Paragraph 38 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent Paragraph 38 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI denies the remaining allegations in Paragraph 38.

\\

\\

### C. <u>The Private Communications Intercepted and Collected Through Third Party Cookies on Defendant's Websites</u>

#### 1. The Websites Cause the Interception of the Contents of Communications.

39. UMI admits only that the postmalone.com Website has a search feature that allows users to enter information to search across the postmalone.com Website. To the extent the screenshot in Paragraph 39 is accurate, UMI admits that it does depict a search bar from the postmalone.com Website, but denies any characterization, interpretation, or implication derived therefrom. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 39.

40. UMI denies each and every allegation in Paragraph 40.

41. The allegations of Paragraph 41 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent Paragraph 41 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations as to what visitors intended, and on that basis, denies them. UMI denies the remaining allegations in Paragraph 41.

42. The allegations of Paragraph 42 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is required, UMI denies the allegations in Paragraph 42.

#### 2. Facebook Cookies

43. UMI admits only that the Websites have used third-party code developed by Facebook (Meta), which, depending on factors such as configuration settings and the timing of a particular visit, may result in cookies being placed on a visitor's browser. To the extent Paragraph 43 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 3, UMI states that the cited document(s) speaks for themselves. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied. Except as expressly admitted, UMI denies the remaining allegations in

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Paragraph 43.

44. Paragraph 44 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI further lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 44, including what they allegedly depict or purport to demonstrate, and therefore denies those allegations.

45. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 44, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 45 regarding the same. To the extent Paragraph 45 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

46. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 44, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 46 regarding the same. To the extent Paragraph 46 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

47. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 44, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 47 regarding the same. To the extent Paragraph 47 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required,

UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

48. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 44, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 48 regarding the same. To the extent Paragraph 48 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

49. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 44, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 49 regarding the same. To the extent Paragraph 49 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

50. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 44, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 50 regarding the same. To the extent Paragraph 50 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

51. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshot referenced in Paragraph 51, including what it allegedly depicts or purports to demonstrate, and therefore denies those allegations. To the extent Paragraph 51 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or

knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied.

52. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 51, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 52 regarding the same. To the extent Paragraph 52 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

53. Paragraph 53 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnotes 4 and 5, UMI states that the cited documents speak for themselves, though any characterization thereof is denied.

54. Paragraph 54 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 6, UMI states that the cited document speaks for itself, though any characterization thereof is denied.

55. Paragraph 55 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

56. Given the broadness and lack of specificity of the allegations in Paragraph 56, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied.

57. Given the broadness and lack of specificity of the allegations in Paragraph 57, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied.

**3. Google Cookies**

58. UMI admits only that the Websites have used third-party code developed by Google, which, depending on factors such as configuration settings and the timing of a particular visit, may result in cookies being placed on a visitor's browser. To the extent Paragraph 58 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied. In response to Footnotes 7-9, UMI states that the cited documents speak for themselves, though any characterization thereof is denied. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 58.

59. Paragraph 59 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 10, UMI states that the cited document(s) speaks for themselves, though any characterization thereof is denied.

60. Paragraph 60 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnotes 11 and 12, UMI states that the cited document(s) speak for themselves, though any characterization thereof is denied.

61. Paragraph 61 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

basis, denies them. In response to Footnote 13, UMI states that the cited document(s) speak for themselves, though any characterization thereof is denied.

62. UMI admits only that the Websites have used third-party code developed by Google, which, depending on factors such as configuration settings and the timing of a particular visit, may result in cookies being placed on a visitor's browser. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 62, including what they allegedly depict or purport to demonstrate, and therefore denies those allegations. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 62.

63. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 62, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 63 regarding the same. To the extent Paragraph 63 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnotes 14 and 15, UMI states that the cited documents speak for themselves, though any characterization thereof is denied.

64. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 62, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 64 regarding the same. To the extent Paragraph 64 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

65. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 62,

including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 65 regarding the same. To the extent Paragraph 65 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

66. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshot referenced in Paragraph 66, including what it allegedly depicts or purports to demonstrate, and therefore denies that allegation. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied. To the extent Paragraph 66 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

67. Paragraph 67 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 16, UMI states that the cited document speaks for itself, though any characterization thereof is denied.

68. Paragraph 68 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

69. Paragraph 69 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

70. Paragraph 70 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 17, UMI states that the cited document speaks for itself, though any characterization thereof is denied.

71. Paragraph 71 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI otherwise lacks sufficient information or knowledge to form a belief as to the truth of the allegations and, on that basis, denies them. In response to Footnote 18, UMI states that the cited document, Google's Shared Data Under Measurement Controller-Controller Data Protection Terms, speaks for itself. UMI denies the allegations insofar as they misquote, mischaracterize, or otherwise take out of context information from those Terms.

**4. TikTok Cookies**

72. UMI admits only that the Websites have used third-party code developed by TikTok, which, depending on factors such as configuration settings and the timing of a particular visit, may result in cookies being placed on a visitor's browser. To the extent Paragraph 72 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied. In response to Footnote 19, UMI states that the cited document speaks for itself, though any characterization thereof is denied. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 72.

73. Paragraph 73 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 20, UMI states that the cited document speaks for itself, though any characterization thereof is denied.

74. Paragraph 74 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 21, UMI states that the cited document speaks for itself, though any characterization thereof is denied.

75. UMI admits only that the Websites have used third-party code developed by TikTok, which, depending on factors such as configuration settings and the timing of a particular visit, may result in cookies being placed on a visitor's browser. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 75, including what they allegedly depict or purport to demonstrate, and therefore denies those allegations. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 75.

76. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 75, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 76 regarding the same. To the extent Paragraph 76 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 22, UMI states that the cited document speaks for itself, though any characterization thereof is denied.

77. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshots referenced in Paragraph 75, including what they allegedly depict or purport to demonstrate, and therefore denies any allegations in Paragraph 77 regarding the same. To the extent Paragraph 77 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

78. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshot referenced in Paragraph 78, including what it allegedly depicts or purports to demonstrate, and therefore denies that allegation. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied. To the extent Paragraph 78 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

79. Paragraph 79 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 23, UMI states that the cited document speaks for itself, though any characterization thereof is denied.

80. Paragraph 80 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 24, UMI states that the cited document speaks for itself, though any characterization thereof is denied.

81. UMI lacks information or knowledge sufficient to authenticate or verify the accuracy, methodology, timing, source, or context of the screenshot referenced in Paragraph 81, including what it allegedly depicts or purports to demonstrate, and therefore denies that allegation. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied. To the extent Paragraph 81 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 25, UMI states that the cited document speaks for itself, though any characterization thereof is denied.

82. Paragraph 82 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

83. Paragraph 83 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 26, UMI states that the cited document speaks for itself, though any characterization thereof is denied.

84. Paragraph 84 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI otherwise lacks sufficient information or knowledge to form a belief as to the truth of the allegations and, on that basis, deny them. In response to Footnote 27, UMI states that the cited document speaks for itself. UMI denies the allegations insofar as they misquote, mischaracterize, or otherwise take out of context information from the cited material.

**5. Snapchat Cookies**

85. UMI admits only that the Websites have used third-party code developed by Snapchat, which, depending on factors such as configuration settings and the timing of a particular visit, may result in cookies being placed on a visitor's browser. To the extent Paragraph 85 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 85.

86. Paragraph 86 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

basis, denies them. In response to Footnotes 28-30, UMI states that the cited documents speak for themselves, though any characterization thereof is denied.

87. Paragraph 87 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

**6. Appreciation Engine**

88. UMI admits only that the Websites have used third-party code developed by Appreciation Engine, which, depending on factors such as configuration settings and the timing of a particular visit, may result in cookies being placed on a visitor's browser. To the extent Paragraph 88 contains allegations that do not relate to or concern UMI or its conduct, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. UMI further states that the Websites speak for themselves, and any characterization of their content, functionality, or operation inconsistent therewith is denied. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 88.

89. Paragraph 89 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnotes 31 and 32, UMI states that the cited documents speak for themselves, though any characterization thereof is denied. UMI further denies the allegations insofar as they misquote, mischaracterize, or otherwise take out of context information from the cited material.

90. Paragraph 90 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 33, UMI states that the cited document speaks for itself, though any characterization thereof is denied. UMI further denies the allegations insofar as they

misquote, mischaracterize, or otherwise take out of context information from the cited material.

91. Paragraph 91 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 34, UMI states that the cited document speaks for itself, though any characterization thereof is denied.

92. Paragraph 92 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

**D. <u>The Private Communications Collected are Valuable.</u>**

93. UMI admits only that analytics data reflecting Website usage can be used for a variety of purposes, including analyzing visitor behavior and enhancing website performance. Whether the stated data constitutes "Private Communications" is an individualized legal contention and/or conclusion that does not require admission or denial by UMI. To the extent a response is deemed required, UMI denies the allegations. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 93.

94. UMI admits only that analytics data reflecting Website usage can be used for a variety of purposes, including analyzing visitor behavior and enhancing website performance. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 94.

95. Paragraph 95 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. In response to Footnote 35, UMI states that the cited document speaks for itself, though any characterization thereof is denied. UMI further denies the allegations insofar as they misquote, mischaracterize, or otherwise take out of context information from the cited material.

96. Paragraph 96 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

97. Whether the stated data constitutes "Private Communications" is an individualized legal contention and/or conclusion that does not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 97.

## PLAINTIFFS' EXPERIENCES

**Vishal Shah**

98. UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 98, and on that basis, denies them.

99. UMI admits only that, at certain times, the postmalone.com and imaginedragonsmusic.com Websites have displayed a pop-up cookie consent banner to visitors. The content and appearance of the pop-up cookie consent banner varied over time and speaks for itself; therefore, no further response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 99.

100. UMI admits only that, at certain times, the postmalone.com and imaginedragonsmusic.com Websites have displayed a cookie preference center that allows visitors to customize their preferences regarding certain cookies and similar technologies. The content and appearance of the cookie consent preferences window varied over time and speaks for itself; therefore, no further response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 100.

101. Paragraph 101 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

102. Paragraph 102 and Footnote 36 contain allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

103. Paragraph 103 and Footnote 37 contain allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

104. Paragraph 104 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

105. Paragraph 105 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

106. Paragraph 106 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

107. UMI denies that Chrome Developer Tools are designed for use by "developers." Paragraph 107 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

**Christine Wiley**

108. UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 108, and on that basis, denies them.

109. UMI admits only that, at certain times, the arianagrande.com, icespicemusic.com, universalmusic.com, nickiminajofficial.com, theweekend.com, and lilyachtyofficial.com Websites have displayed a pop-up cookie consent banner to visitors. The content and appearance of the pop-up cookie consent banner varied over time and speaks for itself; therefore, no further response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 109.

110. UMI admits only that, at certain times, the arianagrande.com, icespicemusic.com, universalmusic.com, nickiminajofficial.com, theweekend.com, and lilyachtyofficial.com Websites have displayed a cookie preference center that allows visitors to customize their preferences regarding certain cookies and similar technologies. The content and appearance of the cookie consent preferences window varied over time and speaks for itself; therefore, no further response is required. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. Except as expressly admitted, UMI denies the remaining allegations in Paragraph 110.

111. Paragraph 111 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the

allegations, and on that basis, denies them.

112. Paragraph 112 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

113. Paragraph 113 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

114. Paragraph 114 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

115. Paragraph 115 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

116. UMI denies that Chrome Developer Tools are designed for use by "developers." Paragraph 116 contains allegations that do not relate to or concern UMI or its conduct, and therefore, no response is required. The allegations also include legal contentions and/or conclusions that do not require admission or denial by UMI. If a response is deemed required, UMI lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**CLASS ALLEGATIONS**

117. UMI admits that Plaintiffs purport to bring this case as a class action, as defined in Paragraph 117 of the FAC, but denies that this case is appropriate for class treatment as alleged. To the extent not expressly admitted, UMI denies each and every allegation in Paragraph 117.

118. UMI admits that Plaintiffs purport to bring this case as a class action but denies that there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable as alleged. To the extent not expressly admitted, UMI denies each and every allegation in Paragraph 118.

119. UMI lacks knowledge or information sufficient to form a belief as to the size of the putative class, and on that basis denies allegations relating to it. The remaining allegations set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is required, UMI denies each and every allegation in Paragraph 119.

120. The allegations of Paragraph 120 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 120.

121. The allegations of Paragraph 121 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 121.

122. The allegations of Paragraph 122 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 122.

123. The allegations of Paragraph 123 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 123.

124. The allegations of Paragraph 124 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 124.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## CAUSES OF ACTION

### First Cause of Action: Invasion of Privacy

125. UMI restates and incorporates its responses contained in Paragraphs 1-124 as if fully stated herein.

126. The allegations of Paragraph 126 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 126.

127. The allegations of Paragraph 127 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 127.

128. The allegations of Paragraph 128 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. UMI specifically states that whether the stated data constitutes "Private Communications" is an individualized legal contention and/or conclusion that does not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 128.

129. The allegations of Paragraph 129 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 129. UMI specifically denies such information is "personal information."

130. The allegations of Paragraph 130 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 130. UMI specifically denies such information is "personal information."

131. The allegations of Paragraph 131 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 131.

132. The allegations of Paragraph 132 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI

denies each and every allegation in Paragraph 132.

133. The allegations of Paragraph 133 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 133.

134. The allegations of Paragraph 134 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 134.

135. The allegations of Paragraph 135 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 135.

136. The allegations of Paragraph 136 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 136.

**Second Cause of Action: Intrusion Upon Seclusion**

137. UMI restates and incorporates its responses contained in Paragraphs 1-136 as if fully stated herein.

138. The allegations of Paragraph 138 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 138.

139. The allegations of Paragraph 139 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 139.

140. The allegations of Paragraph 140 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 140.

141. The allegations of Paragraph 141 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 141.

142. The allegations of Paragraph 142 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 142.

143. The allegations of Paragraph 143 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 143.

144. The allegations of Paragraph 144 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 144.

145. The allegations of Paragraph 145 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 145.

146. The allegations of Paragraph 146 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 146.

**Third Cause of Action: Wiretapping in Violation of the California Invasion of Privacy Act**

**(California Penal Code § 631)**

147. UMI restates and incorporates its responses contained in Paragraphs 1-146 as if fully stated herein.

148. The allegations in Paragraph 148 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

149. The allegations in Paragraph 149 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

150. The allegations in Paragraph 150 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

151. The allegations in Paragraph 151 of the FAC relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

152. The allegations in Paragraph 152 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

153. The allegations in Paragraph 153 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

154. The allegations in Paragraph 154 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

155. The allegations in Paragraph 155 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

156. The allegations in Paragraph 156 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

157. The allegations in Paragraph 157 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

158. The allegations in Paragraph 158 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

159. The allegations in Paragraph 159 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

160. The allegations in Paragraph 160 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

161. The allegations in Paragraph 161 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

162. The allegations in Paragraph 162 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

163. The allegations in Paragraph 163 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

164. The allegations in Paragraph 164 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

165. The allegations in Paragraph 165 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

166. The allegations in Paragraph 166 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

167. The allegations in Paragraph 167 of the FAC are conclusions of law and relate to Plaintiffs' wiretapping claim under Section 631(a) of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

**Fourth Cause of Action: Use of a Pen Register in Violation of the California Invasion of Privacy Act (California Penal Code § 638.51)**

168. UMI restates and incorporates its responses contained in Paragraphs 1-167 as if fully stated herein.

169. The allegations in Paragraph 169 of the FAC are conclusions of law and relate to Plaintiffs' pen register claim under Section 638.51 of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

170. The allegations in Paragraph 170 of the FAC relate to Plaintiffs' pen register claim under Section 638.51 of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

171. The allegations in Paragraph 171 of the FAC are conclusions of law and relate to Plaintiffs' pen register claim under Section 638.51 of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

172. The allegations in Paragraph 172 of the FAC are conclusions of law and relate to Plaintiffs' pen register claim under Section 638.51 of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

173. The allegations in Paragraph 173 of the FAC are conclusions of law and relate to Plaintiffs' pen register claim under Section 638.51 of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

174. The allegations in Paragraph 174 of the FAC are conclusions of law and relate to Plaintiffs' pen register claim under Section 638.51 of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

175. The allegations in Paragraph 175 of the FAC are conclusions of law and relate to Plaintiffs' pen register claim under Section 638.51 of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

176. The allegations in Paragraph 176 of the FAC are conclusions of law and relate to Plaintiffs' pen register claim under Section 638.51 of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

177. The allegations in Paragraph 177 of the FAC are conclusions of law and relate to Plaintiffs' pen register claim under Section 638.51 of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

178. The allegations in Paragraph 178 of the FAC are conclusions of law and relate to Plaintiffs' pen register claim under Section 638.51 of the California Invasion of Privacy Act, which the Court dismissed with prejudice on September 14, 2026. *See* Dkt. No. 68. Accordingly, no response is required. To the extent a response is required, UMI denies the allegations.

**Fifth Cause of Action: Unjust Enrichment**

179. UMI restates and incorporates its responses contained in Paragraphs 1-178 as if fully stated herein.

180. The allegations of Paragraph 180 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 180.

181. The allegations of Paragraph 181 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 181.

182. The allegations of Paragraph 182 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 182.

183. The allegations of Paragraph 183 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 183.

184. The allegations of Paragraph 184 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 184.

185. The allegations of Paragraph 185 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 185.

186. The allegations of Paragraph 186 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 186.

187. The allegations of Paragraph 187 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 187.

188. The allegations of Paragraph 188 set forth legal contentions and/or conclusions that do not require admission or denial by UMI. To the extent a response is deemed required, UMI denies each and every allegation in Paragraph 188.

**PRAYER FOR RELIEF**

189. Paragraphs A-I under the heading "PRAYER FOR RELIEF" in the FAC do not contain factual allegations to which a response is required. Further, UMI states that the allegations set forth in Paragraphs A-I under the heading "PRAYER FOR RELIEF" in the FAC are conclusions of law as to which no response is required. To the extent a response is required, UMI denies that Plaintiffs are entitled to any of the relief requested on any basis whatsoever.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, UMI asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitute an admission that UMI is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. As an affirmative defense to the FAC, and each and every allegation contained therein, UMI alleges:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The claims and allegations in the FAC are barred, either in whole or in part, because the FAC fails to state facts sufficient to constitute a cause of action upon which relief can be granted against UMI.

**SECOND AFFIRMATIVE DEFENSE**

**(Dismissed Claims and Damages)**

The claims and allegations in the FAC are barred or rendered moot, in part, to the extent they were dismissed with prejudice by the Court on September 14, 2026. *See* Dkt. No. 68. Given their statutory claims were dismissed, Plaintiffs' request for statutory damages are also barred



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

and/or rendered moot. *See id.*

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

The claims and allegations in the FAC are barred, either in whole or in part, because Plaintiffs and/or the putative class members they seek to represent lack standing under Article III of the United States Constitution.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The claims and allegations in the FAC are barred, either in whole or in part, to the extent they accrued outside the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent)**

The claims and allegations in the FAC are barred, either in whole or in part, because Plaintiffs and/or the putative class members they seek to represent consented, either explicitly or implicitly, to the conduct alleged in the FAC.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Laches, and/or Unclean Hands)**

The claims and allegations in the FAC are barred, either in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

The claims and allegations in the FAC are barred, either in whole or in part, because Plaintiffs and/or the putative class members they seek to represent have not incurred damages caused by UMI.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Speculative and/or Uncertain Damages)**

Plaintiffs' (and putative class members') damages, if any, are speculative and/or uncertain and, therefore, are not compensable. Any award of damages against UMI would also be improper,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

unjust, arbitrary, oppressive or confiscatory.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

To the extent that Plaintiffs and the putative class suffered any damages caused by UMI, they failed to mitigate such damages.

**TENTH AFFIRMATIVE DEFENSE**

**(Causation; Supervening and/or Intervening Cause)**

The alleged actions or omissions of UMI were not the legal or proximate cause of any purported injuries to Plaintiffs or putative class members. In addition, Plaintiffs' and the putative class members' damages, if any, were the result of supervening and/or intervening cause(s), which actions bar, preclude, and/or diminish any recovery against UMI.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

The claims and allegations in the FAC are barred, either in whole or in part, because Plaintiffs and/or the putative class members knowingly assumed the purported risk inherent in using the Websites despite provided disclosures.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

The claims and allegations in the FAC are barred, either in whole or in part, because UMI substantially complied with the provisions of all relevant laws with respect to Plaintiffs and/or the putative class members.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

The claims and allegations in the FAC are barred, either in whole or in part, because at all relevant times UMI acted in good faith and without malice, willfulness, or reckless indifference, and in compliance with any applicable statutes or regulations.

\\

\\

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Equitable Relief Barred)**

The claims and allegations in the FAC seeking equitable relief are barred, either in whole or in part, because Plaintiffs and/or the putative class members have not established that they lack other adequate remedies at law.

**RESERVATION OF RIGHTS**

UMI presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. UMI reserves the right to assert additional separate defenses in the event discovery or investigation indicates that such defenses would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, UMI prays as follows:

1. That Plaintiffs take nothing by reason of the FAC;
2. That the Court enters judgment for UMI and against Plaintiffs;
3. That UMI is awarded its costs and attorneys' fees incurred in defense of this action as permitted by law; and
4. For such other and further relief as the Court deems just and proper.

Dated: September 28, 2026

**BAKER & HOSTETLER LLP**

By: */s/ Bethany G. Lukitsch*
Bethany G. Lukitsch
Victoria L. Weatherford
Kamran B. Ahmadian
Jaein Cho

*Attorneys for Defendant*
UNIVERSAL MUSIC INVESTMENTS, INC.